HDM/TT:MGD/PJC
F. # 2020R00105

**COURT'S EXHIBIT NO.** 2
**IDENTIFICATION/EVIDENCE**
**DKT.#** 20cv384
**DATE:** 1/16/24

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

       - against -

GORGI NAUMOVSKI,

              Defendant.

- - - - - - - - - - - - - - - - - - X

PLEA AGREEMENT

20 CR 384 (WFK)

       Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the Eastern District of New York and the United States Department of Justice, Criminal Division, Fraud Section (together, the "Office") and GORGI NAUMOVSKI (the "defendant") agree to the following:

       1.     The defendant will plead guilty to the sole count of the indictment in the above-captioned case (the "Indictment"), charging a violation of 18 U.S.C. § 1349, health care fraud conspiracy. The count carries the following statutory penalties:

       a.     Maximum term of imprisonment: 10 years
              (18 U.S.C. §§ 1347, 1349).

       b.     Minimum term of imprisonment: 0 years
              (18 U.S.C. §§ 1347, 1349).

       c.     Maximum supervised release term: 3 years, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 2 years without credit for pre-release imprisonment or time previously served on post-release supervision
              (18 U.S.C. §§ 3583 (b) and (e)).

      d.      Maximum fine: Greater of $250,000, or twice the gross gain or twice the gross loss
(18 U.S.C. §§ 3571(b)(2), (b)(3) and (d)).

      e.      Restitution: Mandatory in the amount of $1,876,466.49 payable to Medicare
(18 U.S.C. §§ 3663A and 3664).

      f.      $100 special assessment
(18 U.S.C. § 3013).

      g.      Criminal forfeiture, as set forth in paragraphs 6 through 13 below
(18 U.S.C. §§ 982(a)(7) and 982(b)(1), and 21 U.S.C. § 853(p)).

      h.      Other penalties: Exclusion from Medicare, Medicaid and all federal health care programs, as set forth in paragraph 15 below; removal, as set forth in paragraph 16 below.

2.      Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the Office and the defendant agree to recommend that a non-incarceratory sentence is appropriate in this case. The defendant understands that although imposition of a sentence in accordance with the United States Sentencing Guidelines (the "Guidelines" and "U.S.S.G.") is not mandatory, the Guidelines are advisory and the Court is required to consider any applicable Guidelines provisions as well as other factors enumerated in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence in this case. The Office will advise the Court and the Probation Department of information relevant to sentencing, including criminal activity engaged in by the defendant, and such information may be used by the Court in determining the defendant's sentence. See 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). The Office estimates the likely adjusted offense level under the Guidelines to be 24, which is predicated on the following Guidelines calculation:

| | | |
|---|---|---:|
| | Base Offense Level (§2B1.1(a)(2)) | 6 |
| Plus: | Loss more than $3.5 million (§2B1.1(b)(1)(J)) | +18 |
| Plus: | Loss to government health care program more than $1 million (§2B1.1(b)(7)) | +2 |
| Minus: | Zero-point offender (§4C1.1) | -2 |
| | Total: | <u>24</u> |

If the defendant clearly demonstrates acceptance of responsibility, through allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a), resulting in an adjusted offense level of 22 and a range of imprisonment of 41-51 months, assuming that the defendant falls within Criminal History Category I. Furthermore, if the defendant has accepted responsibility as described above, to the satisfaction of the Office, and if the defendant pleads guilty on or before January 16, 2024, an additional one-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(b), resulting in an adjusted offense level of 21. This level carries a range of imprisonment of 37-46 months, assuming that the defendant falls within Criminal History Category I. The defendant stipulates to the above Guidelines calculation and waives his right to a <u>Fatico</u> hearing. The defendant understands that in the event the Court does not impose the recommended non-incarceratory sentence, the defendant will not be released from his plea of guilty and will not be afforded an opportunity to withdraw or vacate the plea.

       3.      The Guidelines estimate set forth in paragraph 2 is not binding on the Office, the Probation Department or the Court. If the Guidelines offense level advocated by the Office, or determined by the Probation Department or the Court, is, for any reason, including an error in the estimate, different from the estimate, the defendant will not be entitled to withdraw the plea and the government will not be deemed to have breached this agreement.

3

4. The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 51 months or below. This waiver is binding without regard to the sentencing analysis used by the Court. The defendant waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates this agreement, or (c) the defendant's plea is later withdrawn. The defendant further waives the right to raise on appeal or on collateral review any argument that (1) the statute(s) to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute(s). Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum. The defendant waives any right to additional disclosure from the government in connection with the guilty plea. The defendant agrees that with respect to all charges referred to in paragraphs 1 and 5(a), he is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law. The defendant agrees to pay the special assessment by check payable to the Clerk of the Court at or before sentencing.

5. The Office agrees that:

    a. no further criminal charges will be brought against the defendant for conspiring to commit health care fraud in connection with the payment for referrals for medically unnecessary orthotic braces, for the time period of approximately April 2016 to December 2018, as charged in the Indictment, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq.;

4

and, based upon information now known to the Office, it will

    b.  recommend that the Court impose a sentence of probation, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B)

If information relevant to sentencing, as determined by the Office, becomes known to the Office after the date of this agreement, the Office will not be bound by paragraph 5(b). Should it be judged by the Office that the defendant has violated any provision of this agreement, the defendant will not be released from his plea of guilty but this Office will be released from its obligations under this agreement, including but not limited to: (a) moving for the additional one-level downward adjustment for timely acceptance of responsibility described in paragraph 2 above; and (b) the provisions of paragraphs 5(a)-(b).

  6.  The defendant acknowledges that he obtained and/or acquired property that is subject to forfeiture as a result of his violation of 18 U.S.C. § 1349, as alleged in the above-captioned indictment. The defendant consents to the entry of a forfeiture money judgment in the amount of two hundred thirty-eight thousand eight hundred sixty-five dollars and eighty-seven cents ($238,865.87) (the "Forfeiture Money Judgment"). The defendant agrees that the amount of the Forfeiture Money Judgment and any payments toward the Forfeiture Money Judgment represent property, real or personal, that constitutes, or is derived, directly or indirectly from, gross proceeds traceable to the defendant's violation of 18 U.S.C. § 1349 and/or substitute assets, and thus are forfeitable to the United States pursuant to 18 U.S.C. §§ 982(a)(7) and 982(b)(1) and 21 U.S.C. § 853(p), in any administrative and/or judicial (civil or criminal) proceeding(s) at the Office's exclusive discretion. The defendant consents to the entry of an Order of Forfeiture, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, imposing the Forfeiture Money Judgment.

7. The Forfeiture Money Judgment shall be paid as follows: the first half ($119,432.93) to be paid 30 days in advance of sentencing (the "First Due Date"), and the remaining half ($119,432.94) to be paid no more than 30 days after sentencing (the "Second Due Date"). All payments made by the defendant toward the Forfeiture Money Judgment shall be made by money order, certified check and/or official bank check, payable to the "U.S. Marshals Service." The defendant shall cause said payment(s) to be sent by overnight mail delivery to Assistant United States Attorney Claire S. Kedeshian, United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201, with the criminal docket number noted on the face of the instrument. The defendant consents to the restraint of all payments made toward the Forfeiture Money Judgment. The defendant also waives all statutory deadlines, including but not limited to deadlines set forth in 18 U.S.C. § 983.

8. If the defendant fails to pay any portion of the Forfeiture Money Judgment on or before the Second Due Date, the defendant consents to the forfeiture of any other property of his up to the amount of the unpaid Forfeiture Money Judgment, pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met.

9. The defendant agrees to fully assist the government in effectuating the payment of the Forfeiture Money Judgment, by among other things, executing any documents necessary to effectuate any transfer of title to the United States. The defendant agrees not to file a claim or petition seeking remission or contesting the forfeiture of any property against which the government seeks to satisfy the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) proceeding. The defendant further agrees not to assist any person or entity in the filing of any claim or petition seeking remission or contesting the forfeiture of any property

against which the government seeks to satisfy the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) forfeiture proceeding.

10. The failure of the defendant to forfeit any monies and/or properties as required under this agreement, including the failure of the defendant to execute any document to accomplish the same on timely notice to do so, may constitute a material breach of this agreement. Upon such a breach, the defendant will not be entitled to withdraw the plea, but the Office may bring additional criminal charges against the defendant.

11. The defendant represents that he will disclose all of his assets to the United States on the financial statement entitled "United States Department of Justice Financial Statement" (hereinafter, the "Financial Statement") no later than the Second Due Date and will provide a copy to Acting Assistant Chief Miriam L. Glaser Dauermann. The defendant agrees that a failure to disclose all assets on the Financial Statement and to inform the government in writing of any material changes up until the time of sentencing constitutes a material breach of this agreement. Upon such a breach, the defendant will not be entitled to withdraw the plea, but the Office may bring additional criminal charges against the defendant. Should undisclosed assets which the defendant owns or in which the defendant has an interest be discovered, the defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said assets and agrees that said assets shall be forfeited to the United States pursuant to 18 U.S.C. §§ 982(a)(7) and 982(b)(1) and 21 U.S.C. § 853(p), as property, real or personal, that constitutes, or is derived directly or indirectly from, gross proceeds traceable to his violation of 18 U.S.C. § 1349 and/or substitute assets. The requirement that the defendant complete the Financial Statement shall be incorporated into any term of probation or supervised release that may be imposed in this case. Should the defendant pay the Forfeiture Money Judgment in full

on or before the Second Due Date, the requirement that he complete the Financial Statement shall be satisfied.

12. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of any monies and/or properties forfeited hereunder, including notice set forth in an indictment, information or administrative notice. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the entry of a Forfeiture Money Judgment, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

13. The defendant agrees that the entry and payment of the Forfeiture Money Judgment are not to be considered a payment of a fine, penalty, restitution loss amount, or any income taxes that may be due, and shall survive bankruptcy.

14. This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

15. The defendant understands and acknowledges that he will be excluded from Medicare, Medicaid and all other federal health care programs. The defendant agrees to complete and execute all necessary documents provided by any department or agency of the federal government, including but not limited to the United States Department of Health and Human Services, to effectuate this exclusion within 60 days of receiving such documents. This

exclusion will not affect the defendant's right to apply for and receive benefits as a beneficiary under any federal health care program, including Medicare and Medicaid.

16. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. Indeed, because the defendant is pleading guilty to conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the District Court, can predict with certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

17. Apart from any written proffer agreements, if applicable, no promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and none will be entered into unless memorialized in writing and signed by all parties. Apart from any written proffer agreements, if applicable, this agreement supersedes all prior

9

promises, agreements or conditions between the parties. To become effective, this agreement must be signed by all signatories listed below.

Dated: Brooklyn, New York
      January 11, 2023

BREON PEACE
United States Attorney
Eastern District of New York

GLENN S. LEON
Chief
Criminal Division, Fraud Section
U.S. Department of Justice

By: _____
Miriam L. Glaser Dauermann
Patrick J. Campbell
Trial Attorneys
Criminal Division, Fraud Section
U.S. Department of Justice

Approved by:

Hiral D. Mehta/mgd
_____
Hiral D. Mehta
Supervising U.S. Attorney

_____
Thomas Tynan
Assistant Chief, Northeast Strike Force

I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily.

_____
GORGI NAUMOVSKI
Defendant

Approved by:

_____
Maksim Nemtsev, Esq.
Counsel to Defendant

10